11-2310-ag
Thakali v. Holder

BIA
Hom, IJ
A089 252 847
A089 252 848

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of May, two thousand twelve.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges*.

————————————————————————————————————

PRAMALI THAKALI, SURINDER KUMAR[1],
> *Petitioners,*

> v.                                                    11-2310-ag
> > > > > > NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

————————————————————————————————————

FOR PETITIONER:          Jason A. Nielson, New York, New York.

---

[1] Pursuant to a February 2012 stipulation order, the instant petition for review has been withdrawn as to Kumar.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Joseph A. O'Connell, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pramila Thakali, a native and citizen of Nepal, seeks review of a May 11, 2011, decision of the BIA affirming the April 14, 2009, decision of Immigration Judge ("IJ") Sandy Hom, pretermitting her application for asylum and denying her claims for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Pramila Thakali, Surinder Kumar*, Nos. A089 252 847/ 848 (B.I.A. May 11, 2011), *aff'g Nos.* A089 252 847/ 848 (Immig. Ct. N. Y. City, Apr. 14, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Because the BIA adopted and affirmed the IJ's decision, we review the two decisions in tandem." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "The substantial evidence standard of review applies, and we

uphold the IJ's factual findings if they are supported by reasonable, substantial and probative evidence in the record." *Id*. (internal quotation marks and citations omitted). *See also* 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum Pretermission

We lack jurisdiction to review the agency's decision that Thakali failed to demonstrate changed or extraordinary circumstances to excuse the late filing of her asylum application *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(2)(D). While we retain jurisdiction to review constitutional claims and questions of law, *id*. § 1252(a)(2)(D), Thakali's argument challenging only the agency's fact-finding presents no such issue. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

## II. Past Persecution

Thakali argues that the extortion attempts and threats she endured at the hands of the Maoists constituted past persecution on account of her political opposition to the Maoist forces. This Court has previously described persecution as "the infliction of suffering or harm upon those who differ on the basis of a protected statutory ground." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir.

3

2011)(citing *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006)).  In addition, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.  Here, the BIA reasonably found that the harm Thakali alleged - unfulfilled threats - did not rise to the level of persecution.  *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (stating that a "threat of detention . . . itself . . . is not past persecution"); *see also Gui Ci Pan v. U.S. Attorney Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (collecting cases that have "rejected [persecution] claims involving 'unfulfilled' threats").

## III. Future Persecution

The agency also reasonably found that Thakali failed to establish that "one central reason" for the Maoists' threats and her fear of future harm is on account of a protected ground.  Thakali argues that the agency erred in finding that she was not persecuted and would not suffer future harm on account of her political opinion.  Section 101(a)(3) of the REAL ID Act, codified at 8 U.S.C. § 1158(b)(1)(B)(i)- applicable here because Thakali filed her application in 2007, *see* REAL ID Act § 101(h)(2) - provides that an asylum applicant "must establish that [a protected ground] was or

4

will be at least one central reason for" the claimed persecution. *See Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).

To the extent that Thakali argues that she was targeted on account of her involvement in a women's group in Nepal, she has failed to exhaust that argument by failing to present it to the BIA. *See* 8 U.S.C. § 1158(a)(3); *see also Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (requiring that petitioners raise to the BIA the specific issues they later raise in this Court).

To the extent that Thakali argues that she was targeted because of her opposition to Maoist insurgents, the BIA's rejection of that argument was not erroneous. Thakali stated that Maoists came to her hotel to extort money from her guests and she informed the police, who took the Maoists into custody. Roughly two weeks later, the Maoists returned to her hotel, stating: "You informed the Police and [] made arrest our Friends. Now our party decided to get 200,000 [rupees] As a donation." Given that Maoist forces expressed an economic rather than a political motive as the reason for their return visit, the agency reasonably concluded that Thakali was targeted on account of her ability to provide financial resources and that as a result, she had not

demonstrated persecution on account of a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-73 (2d Cir. 2007).

The agency's conclusion that Thakali failed to demonstrate a likelihood of future persecution is further supported by its reliance on Thakali's testimony that her sisters and brother remain in Nepal unharmed. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (concluding that where asylum applicant's family members continued to live in Petitioner's native country, claim of well-founded fear was diminished). Additionally, the agency reasonably noted that when Thakali reported the Maoists to the police, they arrested ten individuals, undermining her claim that the police are unable or unwilling to protect her, and further undermining her fear of future harm. *See Matter of Acosta*, 19 I.&N. Dec. 211, 222 (BIA 1985), overruled on other grounds, I.N.S. v. Cardoza-Fonseca, 480 U.S. 421 (1987).

Accordingly, substantial evidence supports the agency's finding that Thakali failed to establish a likelihood of persecution on account of a protected ground. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent solid support in the record, a fear of future harm is "speculative

6

at best."). Because Thakali's claim for CAT relief rests on the same factual predicate as her withholding claim, it necessarily fails. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending motion for a stay of removal is accordingly DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7